**MEMO ENDORSED** 

*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

January 29, 2025

<u>**Via ECF**</u>
Hon. Victoria Reznik
The Hon. Charles L. Brieant Jr. Federal Building
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

        Re:    <u>**Kemar Minto v. 165 Café Corp. and Brian Mahon, Individually, 7:23-cv-10735 (CS)(VR)**</u>

Your Honor,

    We represent Plaintiff in the above-captioned matter and write to respectfully request a conference before Your Honor regarding a discovery dispute involving relevant video footage that is not being produced by Defendants, in response to Plaintiff's discovery request asking for same. The video footage is material to the claims and defenses in this case. We respectfully seek the Court's assistance in resolving this matter on an expedited basis, considering the importance of reviewing the footage and thus assessing claims and defenses appropriately to engage productively in the settlement conference scheduled for Thursday, January 30, 2025.

    Per Your Honor's Individual Rule 2(A), the Parties are required to "meet and confer" in person or via telephone before bringing a discovery dispute to the Court. Although the Parties have exchanged multiple emails about the issue, we have been unable to conduct a phone call because defense counsel has represented he is engaged in trial proceedings.

    Defendants submitted their discovery responses late Friday evening, objecting to the production of the requested video footage. Since then, the Parties have exchanged emails regarding their respective positions but have not been able to come to an agreement without the Court's intervention.

1

This case arises from Plaintiff's claims of race discrimination after Plaintiff was asked to leave Defendants' restaurant based on his race. Defendants asserted their actions were based on mistaken identity, claiming that they confused Plaintiff with another Black man who allegedly committed credit card fraud at the restaurant. Defendants maintained that after they reviewed video footage of the alleged fraudster, they came to the realization that Plaintiff was not the fraudster. However, Defendants now fail to produce this footage—or confirm whether it exists—despite it being crucially material and probative to their defense and Plaintiff's claims.

Defendants are also objecting to the production of video footage of Plaintiff's interactions with Defendants and their employees on March 11, 2023, the day of the incident, despite the relevance of this footage to the events underlying Plaintiff's claims.

Defendants rely on *Poppo v. AON Risk Servs.*, 2000 U.S. Dist. LEXIS 17588 (S.D.N.Y. Dec. 6, 2000), to justify withholding the footage, maintaining that disclosure would risk tailoring of testimony. This reliance is misplaced. Plaintiff has no knowledge of the alleged fraudster or the video footage and, therefore, cannot "tailor" his testimony to the footage. Instead, Defendants' refusal to produce the videos deprives Plaintiff of the ability to adequately prepare for depositions and most immediately, the settlement conference.

This case is more appropriately aligned with *Costa v. AFGO Mech. Servs.*, 237 F.R.D. 21 (E.D.N.Y. 2006), which holds that "open discovery is the norm," and that speculative risks of tailoring testimony are insufficient to justify withholding evidence.

The requested videos are critical to resolving key factual issues. If the video of the alleged fraud exists, it either supports or undermines Defendants' mistaken identification defense. If no such video exists, this fundamentally undermines the Defendants' justification for their actions, as well as their credibility. Similarly, the footage of Plaintiff's interactions at the restaurant would corroborate the events giving rise to Plaintiff's claims. Without this evidence, Plaintiff is

significantly prejudiced in preparing for depositions and again, most pressingly, the upcoming settlement conference.

For these reasons, Plaintiff respectfully ask that the Court order Defendants to:

1. Produce the video footage of the alleged fraudster that Defendants claim formed the basis of their mistaken identification or confirm that no such video exists.

2. Produce video footage of Plaintiff's interactions with Defendants and their employees on March 11, 2023.

Given the imminent settlement conference and the centrality of this evidence, Plaintiff respectfully asks for the Court's assistance in addressing this discovery dispute, prior to the settlement conference, to avoid prejudicing Plaintiff and to ensure the integrity of the discovery process.

We thank Your Honor for your time and attention to this matter.

**PHILLIPS & ASSOCIATES
ATTORNEYS AT LAW, PLLC**

_____/s/Dorina Cela_____
Dorina Cela, Esq.
Kayla Wheeler, Esq.
45 Broadway, Floor 28
New York, NY 10006
(212) 248-7431
dcela@tpglaws.com
kwheeler@tpglaws.com

cc: Thomas Lamb, Esq. (via email and ECF)

In preparation for the settlement conference before the undersigned on 1/30/2025, Defendants are directed to respond to Plaintiff's letter and produce the requested video footage to the Court for in camera review, **by no later than 10:00 a.m. on 1/30/2025**. Defendants will receive a link allowing them to upload the video to the Court for review. Defendants should also be prepared to produce the video footage to Plaintiff immediately, if ordered to do so by the Court, before the settlement conference at 2:30 p.m.

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.
Dated: 1/29/2025