UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Kemar Minto,
                                Plaintiff,

                    -against-
165 Cafe Corp., et al.,
                                Defendants.
-----------------------------------------------------------------X

23-cv-10735-CS-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

## BACKGROUND

Plaintiff started this action in December 2023, after he was allegedly discriminated against by Defendants when they refused to serve him at the Hudson Grille after misidentifying him as a fraudster who had been using fake credit cards the week before. (ECF No. 1 at 4–5, ¶¶29–34). The action was then referred to the undersigned for settlement purposes only (ECF No. 21), and a settlement conference was scheduled for January 30, 2025. (ECF No. 25).

Before the scheduled conference, Plaintiff filed a letter raising a discovery dispute regarding videos that Defendants have allegedly failed to produce. (ECF No. 26). Those videos purportedly show footage of the incident in which Plaintiff was refused service, as well as possible footage of the alleged fraudster that Defendants say they mistakenly identified as Plaintiff. (ECF No. 28). Plaintiff contends that Defendants' failure to produce these videos hinders his ability to prepare for depositions and the settlement conference, because the videos could resolve critical factual issues. He further contends that the videos will possibly

1

bear on the question of whether Defendants were justified in their actions and corroborate Plaintiff's factual allegations. In opposition, Defendants do not dispute that Plaintiff is entitled to the videos as part of discovery, they only argue that production of the videos should be delayed until after Plaintiff's deposition because that properly balances the interests of the parties— Plaintiff's interest in having the discovery for trial and Defendants' interest in retaining the videos for impeachment purposes. By order entered January 29, 2025, Defendants were directed to respond to Plaintiff's letter and submit the videos to the Court for in camera review. (ECF No. 27). Shortly thereafter, Defendants provided the videos to the Court.[1]

## DISCUSSION

"[A] motion to delay production of video footage implicates Rules 26(c) and 26(d)(3) of the Federal Rules of Civil Procedure," and "[t]rial courts enjoy wide discretion in handling pretrial discovery under both provisions." *Walls v. Diesel Auto Express*, No. 23-CV-1037 (LDH)(MMH), 2023 WL 3895790, at *2 (E.D.N.Y. June 8, 2023) (internal quotation marks and citations omitted).[2] Under these two rules, if the party seeking to prevent disclosure demonstrates good cause,

---

[1] In total, Defendants submitted approximately 29 videos from cameras positioned inside and outside the premises. But they provided no explanation whatsoever regarding what the Court could expect to see, or what it should have been looking for, in those videos. That absent explanation significantly hindered the Court's ability to resolve this dispute swiftly.

[2] Although Plaintiff made the initial motion to compel, this motion can also be treated as a motion for a protective order by Defendants, based on their request in their opposition papers to delay production until after Plaintiff's deposition.

2

production of the video footage will be delayed. *Id.* But there must be a "particular and specific demonstration of fact" to establish good cause; generalized or conclusory statements are insufficient. *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021) (internal quotation marks and citation omitted). Stated differently, there must be an "independent factual basis" for protecting the video from disclosure. *Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016).

Here, Defendants fail to demonstrate good cause for two reasons. First, Defendants' lone argument is a conclusory statement that delaying production of these videos preserves their value for impeachment purposes at trial, essentially arguing that Plaintiff will tailor his testimony at his deposition if they are forced to produce the videos now. But they fail to articulate any specifics regarding how Plaintiff would supposedly tailor his testimony. That is insufficient, as "a mere conclusory statement that a [plaintiff] might tailor [his or her] testimony . . . does not establish good cause." *Rofail v. U.S.*, 227 F.R.D. 53, 59 (E.D.N.Y. 2005) (finding no good cause for delaying production of plaintiff's statement to investigators based on mere conclusory statements about potential tailoring of testimony); *see Walls*, 2023 WL 3895790, at *2 (finding no good cause to delay production of videos, in part, because defendant offered only conclusory statements about tailoring of testimony).

Second, upon review of the videos, there were no obvious discrepancies between their contents and the allegations in Plaintiff's complaint. Thus, there was nothing to provide an independent factual basis that Plaintiff would alter

3

his testimony at his deposition. *See Walls*, 2023 WL 3895790, at *2 (denying request to delay production of video because there was "no true discrepancy" between video and plaintiff's allegations in complaint, statements to police, and statements to doctor); *cf. Ampong*, 550 F. Supp. 3d at 139 (delaying production of video in personal injury action because of apparent discrepancy between "what [wa]s depicted in the video footage as compared to Plaintiff's accounts of what occurred.").

Thus, Plaintiff's request to compel Defendants to produce the videos is **GRANTED**, and Defendants' request for an order protecting the videos from disclosure until after Plaintiff's deposition is **DENIED**. Defendants are directed to produce the videos to Plaintiff within 24 hours of the date of entry of this Order. The Court will issue a separate order to reschedule the parties' settlement conference shortly.

**SO ORDERED.**

DATED:   White Plains, New York
         2/5/2025

VICTORIA REZNIK
United States Magistrate Judge